IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| Plaintiff, | * |
| v. | * CIVIL NO.: WDQ-10-1168 |
| $4,002 IN U.S. CURRENCY, et al., | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

The Government seeks forfeiture of $4,002 (the "Currency") seized from the daughter of Lenette Cunningham ("Lenette"), and a 2006 Land Rover Range Rover (the "Vehicle") registered to Lenette. For the following reasons, the Government's motion to strike Lenette's claim and answer for failure to respond to special interrogatories will be granted.

I.  Background

In early November 2009, a source told Baltimore police officers that a man later identified as Rajean Morgan was selling marijuana from a Baltimore residence (the "House"), and "us[ing]" the Vehicle. Price Decl. ¶¶ a-b. Officers later discovered that Morgan lived in the House with Devin Cunningham ("Devin"), his girlfriend. Id. ¶ i. They also learned that the Vehicle is registered to Lenette, Devin's mother. Id. ¶¶ h, q.

FILED U.S. DISTRICT COURT DISTRICT OF MARYLAND 2011 JUN 16 A 11:22 CLERK'S OFFICE AT BALTIMORE BY____

On November 7, 2009, officers spotted Morgan driving the Vehicle and stopped behind him. *Id.* ¶¶ c-d, f. They detected marijuana odor and initiated a traffic stop. *Id.* ¶¶ d-f. The officers recovered three bags of suspected marijuana from inside the Vehicle's roof, and arrested Morgan. *Id.* ¶¶ e-f. After impounding the Vehicle, officers became concerned that evidence was being destroyed at the House. *Id.* ¶¶ i-k. Pursuant to a search warrant, they recovered, *inter alia*, money, drug paraphernalia, suspected drugs, and ammunition. *Id.* ¶¶ m-n. Devin was also arrested, and charged with drug felonies. *Id.* ¶ o. Officers seized the Currency from her. *Id.* ¶ p.

On November 10, 2009, officers recovered from the Vehicle bills and other documents addressed to Morgan or his alias, including a Vehicle invoice addressed to his alias at Lenette's residence. *Id.* ¶¶ w-y.

On May 10, 2010, the Government filed a forfeiture complaint. It asserts that the Currency is money intended to be exchanged for drugs and is traceable to such an exchange, and the Vehicle is intended to be used to transport drugs. Compl. ¶¶ 8-9.

On May 13, 2010, the Government served Morgan and Devin. ECF No. 5, Ex. A. On July 15, 2010, default was entered against the Currency and Vehicle for lack of answer or defense. ECF No. 6. On July 29, 2010, the Government realized that it had not

2

served Lenette, and did so. ECF No. 12 at 2. On August 16, 2010, this case was closed.

On September 1, 2010, Lenette filed a verified claim for the Currency and Vehicle. ECF No. 10. On October 25, 2010, this case was re-opened. ECF No. 17.

On November 15, 2010, Lenette answered the forfeiture complaint. ECF No. 18. On November 17, 2010, the Government moved for a more definite statement of her answer. ECF No. 20.

On December 3, 2010, the Government served Lenette with special interrogatories under Rule G(6) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. ECF No. 22, Ex. A. The Government informed her that she had 21 days to respond. *Id.* at 1.

On January 5, 2011, the Government moved to strike Lenette's claim and answer. ECF No. 22.

II. The Government's Motion to Strike

The Government moves to strike Lenette's claim and answer because she has not responded to its special interrogatories. *Id.* at 2-3. Lenette has not opposed this motion.

Supplemental Rule G(6)(a) provides that the Government may "serve special interrogatories limited to the claimant's identity and relationship to the defendant property without the [C]ourt's leave at any time after the claim is filed and before discovery is closed." Answers or objections to the interrogatories "must

be served within 21 days after the interrogatories are served." Fed. R. Civ. P. Supp. G(6)(b). If the claimant does not respond to the interrogatories, the Government may "move to strike a claim or answer" before trial. Fed. R. Civ. P. Supp. G(8)(c)(i)(A).

Although Lenette should have responded to the interrogatories by December 27, 2010, the Government has not received her answers or objections. ECF No. 22 at 3. The Government's motion to strike for failure to respond to the interrogatories will be granted.[1]

III. Conclusion

For the reasons stated above, the Government's motion to strike Lenette's claim and answer will be granted.

__6/15/11__  
Date

__/s/ William D. Quarles__  
William D. Quarles, Jr.  
United States District Judge

---

[1] See, e.g., United States v. $57,995 in U.S. Currency, No. 8:10-2260-HMH, 2010 WL 5137155, at *1 (D.S.C. Dec. 13, 2010) (granting Government's motion to strike claim and answer of claimant who failed to respond to special interrogatories); United States v. $27,970.00 in U.S. Currency, No. 1:09-139, 2010 WL 933762, at *1 (S.D. Ga. Mar. 16, 2010) (same).
  The Government's motion for a more definite statement of Lenette's answer will be denied as moot.

4